IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DARRELL PARKS,**                :
                                  :
    Petitioner            :    CIVIL NO. 1:13-CV-2886
                                  :
  v.                             :    (Judge Rambo)
                                  :
**J.E. THOMAS,**                  :
                                  :
    Respondent            :

## **M E M O R A N D U M**

Darrell Parks ("Parks"), an inmate presently confined at the Federal Correction Complex – Allenwood in White Deer, Pennsylvania, filed this petition for writ of habeas corpus to challenge the constitutionality of certain disciplinary procedures taken against him. (Doc. 1.) For the reasons set forth below, this court will dismiss the petition for lack of subject matter jurisdiction.

### **I.  Background**

On January 19, 2013, Parks—at the time serving his sentence at the United States Penitentiary in Lewisburg, Pennsylvania—was in his cell when he received his regular dose of prescription medication from a prison medical staff member. (Doc. 7 at 2.) The staff member claimed to then see Parks spit his medication out into his sink. (Doc. 7 at 2.) The staff member ordered Parks to take his medication out of the

sink and ingest it, but Parks insisted that he had already taken it. (*Id.*) Parks claims that the staff member mistook pieces of soap at the bottom of his sink for his crushed medication, so he ran his hand along the bottom of the sink and pulled up the pieces of soap to prove it. (Doc. 13 at 2.) The staff member did not believe Parks and, after a Lieutenant conducted an investigation, Parks was issued an incident report. (Doc. 7 at 2.) The incident report cited Parks for four prohibited acts: misuse of medication, refusing an order, making a false statement to staff, and interfering with a staff member's duties. (Doc. 7-1 at 12.)

On January 23, 2013, Parks appeared before the Unit Disciplinary Committee for a hearing. (*Id.*) The committee heard a statement from Parks, found that he had committed the act of misusing his medication, and sanctioned him with 30 days of loss of visitation privileges. (*Id.*) The committee did not find that Parks committed the other prohibited acts listed on the incident report. (*Id.*) Parks appealed this decision through each level of the available administrative remedy process, and was denied relief at each level. (Doc. 1 at 2–3.)

## II. Discussion

In his petition, Parks claims that his due process rights were violated because the Unit Disciplinary Committee did not allow him to call a witness and because its findings were against the weight of the evidence. (Doc. 1 at 6–9.) Parks seeks the expungement of this incident report. (Doc. 10.) Respondents assert that this court lacks subject matter jurisdiction over the petition because it does not constitute a challenge to the execution of Parks's sentence. (Doc. 7 at 3–5.)

In general, a federal prisoner may file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 only for the purpose of challenging the "execution" of his sentence.[1] *See Coady v. Vaugh*, 251 F.3d 480, 485 (3d Cir. 2001). While the "precise meaning of 'execution of the sentence' is hazy," the Third Circuit has indicated that its interpretation should be "consistent with notions of the plain meaning of the term 'execution,' which is to 'put into effect' or 'carry out.'" *Woodall v. Federal Bureau of Prison*, 432 F.3d 235, 242, 243 (3d Cir. 2005). A challenge to the "execution" of a sentence, for purposes of this statute, refers to a challenge of conduct by prison officials "that conflict[s] with express statements in the applicable sentencing judgment." *Cardona v. Bledsoe*, 681 F.3d 533, 536 (3d Cir. 2012).

---

[1] There are also limited situations where a federal prisoner may file a petition under § 2241 to challenge the validity of his conviction or sentence. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). As Parks is not challenging the validity of his sentence, it is unnecessary to explain this area of habeas jurisdiction.

3

Depending on the terms of the sentencing judgment, this could encompass challenges to the place of confinement or actions affecting the length of confinement. *See id.* at 536–37.

Parks argues that this court has jurisdiction to review the findings of the Unit Disciplinary Committee because those findings will have the "collateral consequence" of Parks being denied parole at his upcoming hearing. (Doc. 13 at 3.) It is well settled that federal courts have jurisdiction to review such disciplinary actions when they directly result in a change to the length of confinement, such as by the loss of good time credits.[2] *See Queen v. Miner*, 530 F.3d 253, 254 n. 2 (3d Cir. 2008). However, federal habeas jurisdiction does not extend to reviewing prison disciplinary decisions that might later influence an action affecting the length of the prisoner's sentence, such as a parole hearing. *See Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012) (holding that the district court lacked jurisdiction where petitioner sought to challenge an action that would make him eligible for, but not necessarily result in, the loss of good time credits).

---

[2] It is debatable whether district courts can properly exercise jurisdictions even in these cases, since good time credits may be more accurately considered an administrative reward rather than part of the execution of the sentence. *See Cardona v. Bledsoe*, 681 F.3d 533, 537 n. 8 (3d Cir. 2012) (quoting *Pepper v. United States*, 562 U.S. ___, ___, 131 S. Ct. 1229, 1248 n. 14 (2011)).

Parks argues that this court's habeas jurisdiction extends to the disciplinary action in question because it will "play[] a significant factor" in the parole board's decision, which may in turn decrease the length of his incarceration. (Doc. 13 at 4.) Even accepting that it will be a very weighty factor, his argument is unavailing. In *Leamer v. Fauver*, the Third Circuit considered the question of whether claims regarding the constitutionality of an inmate's placement in a Restricted Activities Program, which made him ineligible for a parole hearing, were properly brought as a civil rights lawsuit pursuant to 42 U.S.C. § 1983 or if they instead should be brought under a habeas petition. *Leamer v. Fauver*, 288 F.3d 532 (3d Cir. 2002). The court concluded that the proper test to determine if the claims could be brought in habeas was "whether a favorable determination of [the petitioner]'s challenge would *necessarily* imply that he would serve a shorter sentence." *Id.* at 543 (emphasis in original). Parks's petition fails this test. Even if the court expunged the records in question, it would not necessarily lead to any change in the length of his sentence.[3]

---

[3] It is worth emphasizing that this petition would fail the test even if Parks could demonstrate that the infraction would *necessarily* lead to the denial of his parole, as that was essentially the situation of the inmate in *Leamer*. *See Leamer*, 288 F.3d at 543.

**III.   Conclusion**

In the instant petition for writ of habeas corpus, Parks seeks to overturn a decision by prison officials that does not concern the execution of his sentence. Accordingly, this court will dismiss the petition for lack of subject matter jurisdiction.

An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated:  March 3, 2015.